**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

VINCENT D. GAYLORD,

Plaintiff,

v.

STATE OF KANSAS and TOPEKA POLICE DEPARTMENT,

Defendants.

Case No. 25-2194-EFM-RES

**REPORT AND RECOMMENDATION**

Because Plaintiff was granted leave to proceed in forma pauperis ("IFP"), ECF No. 7, his pleadings are subject to screening under 28 U.S.C. § 1915(e)(2)(B). On May 2, 2025, the Magistrate Judge issued a notice and order granting Plaintiff leave to file an amended complaint. ECF No. 11. The order explained the Complaint's deficiencies and provided Plaintiff an opportunity to address those deficiencies in an amended complaint before the Court conducted the statutory screening of Plaintiff's claims. ECF No. 11. Plaintiff filed an Amended Complaint on May 9, 2025, which is now before the Court for statutory screening. ECF No. 16.

For the reasons explained below, the Magistrate Judge recommends that the Chief District Judge dismiss Plaintiff's claims against the State of Kansas pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) because they are barred by Eleventh Amendment immunity and fail to state a claim to relief. The Court also recommends that the Chief District Judge dismiss Plaintiff's claims against the Topeka Police Department pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because this is not an entity that can be sued and because the Amended Complaint fails to state a claim to relief.

## I. BACKGROUND

This is the third case Plaintiff has filed in this District. His first-filed case, *Gaylord v. United States Department of Army* ("*Gaylord I*"), concerned the alleged discriminatory denial of combat-related special compensation. The court dismissed Plaintiff's discrimination claims on screening and subsequently granted the defendant's motion to transfer the remainder of the case—concerning the denial of benefits—to the Court of Federal Claims. *See Gaylord I*, No. 20-cv-4058-HLT-ADM, 2021 WL 6750627, at *1 (D. Kan. Apr. 9, 2021) (transferring the case); *Gaylord I*, 20-cv-4058-HLT-ADM, 2021 WL 6750629, at *1 (D. Kan. Jan. 7, 2021) (dismissing claims on screening).

Plaintiff's second-filed case, *Gaylord v. State of Kansas* ("*Gaylord II*"), asserted claims against the State of Kansas that are substantially similar to the claims at issue in this case. *See Gaylord II*, No. 23-4018-KHV-RES, 2023 WL 11868036, at *4 (D. Kan. Apr. 12, 2023), *R. & R. adopted* (Apr. 26, 2023), *aff'd*, No. 23-3075, 2024 WL 358240 (10th Cir. Jan. 31, 2024), *cert. denied*, 144 S. Ct. 2696, 219 L. Ed. 2d 1306 (2024). The court dismissed that case on screening, explaining why most of Plaintiff's claims against the State of Kansas were barred by Eleventh Amendment immunity and why all failed to state a claim. *See generally id.* Plaintiff appealed to the Tenth Circuit, which affirmed the dismissal. *See Gaylord II*, No. 23-3075, 2024 WL 358240 (10th Cir. Jan. 31, 2024), *cert. denied*, 144 S. Ct. 2696, 219 L. Ed. 2d 1306 (2024).

Plaintiff filed the present case on April 14, 2025, naming the State of Kansas and the Topeka Police Department as the only party Defendants in both the Complaint and the Amended Complaint. ECF Nos. 1 and 16. On May 2, 2025, the Court issued a 10-page notice and order that explained the deficiencies in Plaintiff's Complaint and why Plaintiff's Complaint as originally drafted was subject to dismissal. ECF No. 11. The Court sua sponte granted Plaintiff leave to file

an amended complaint to address those deficiencies before the Court conducted the statutory screening. *Id.*

As explained in that notice and order, although the original Complaint did not contain enumerated counts or otherwise specify the types of claims Plaintiff was asserting, the Court construed the Complaint as potentially bringing civil rights claims and potentially asserting a claim for employment discrimination. *Id.* at 3 (noting that Plaintiff had checked the box on the form complaint indicating that this case arises under 28 U.S.C. § 1343 and noting that Plaintiff had attached a right-to-sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC")). The Court further stated that if it had "misconstrued Plaintiff's claims, Plaintiff should clarify what claims he is attempting to bring in any amended complaint." *Id.* at 5.

The order then addressed the deficiencies in Plaintiff's employment discrimination claims, including that Plaintiff failed to allege any employment relationship with any Defendant. ECF No. 11 at 6-7, 9. With regard to Plaintiff's civil rights claims, the Court construed the original Complaint as potentially attempting to assert a claim under 42 U.S.C. § 1983 because the Complaint contained generalized allegations of police harassment, discrimination, and misconduct. *Id.* at 4 n.3. Nevertheless, the Court notified Plaintiff that to the extent Plaintiff was attempting to bring a § 1983 claim against the State of Kansas, this claim was barred by Eleventh Amendment immunity and failed to state a plausible claim. *Id.* at 5-6.

The Court also notified Plaintiff that his claims against the Topeka Police Department were subject to dismissal for multiple reasons, including that the Topeka Police Department is not an entity subject to suit. *Id.* at 8. The Court stated it was providing Plaintiff an opportunity to amend to name the proper Defendant and further explained that:

> With respect to any attempted § 1983 claim, "municipalities cannot be held liable for the actions of others under the common law

> principle of respondeat superior; they are responsible only for their *own* actions." *Simmons v. Uintah Health Care Special Dist.*, 506 F.3d 1281, 1284 (10th Cir. 2007) (emphasis in original). To put this in plain language, to the extent Plaintiff is alleging that individual police officers deprived him of a federally protected right, he must name those officers as party defendants because "municipalities cannot be held liable for unauthorized actions by their employees." *Id.*
>
> In addition or in the alternative, "a plaintiff may sue local governing bodies directly for constitutional violations pursuant to the body's policies." *Lucas v. Turn Key Health Clinics*, LLC, 58 F.4th 1127, 1144 (10th Cir. 2023). To state a claim against a municipal entity, a plaintiff must allege facts showing "the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010).

*Id.* at 8-9.

Because Plaintiff's claims against the State of Kansas and the Topeka Police Department were subject to dismissal, the Court granted leave for Plaintiff to file an amended complaint on or before May 30, 2025, that addressed the deficiencies explained in the May 2, 2025 order, including "dropping the State of Kansas and the Topeka Police Department as party Defendants and naming a proper defendant against whom or which Plaintiff's claims can be asserted." *Id.* at 9-10.

Throughout the litigation, Plaintiff has filed various documents that attempt to supplement his complaint. *See, e.g.*, ECF Nos. 5, 9. In his prior cases, Plaintiff did the same, and the Court previously explained to Plaintiff that these types of filings are not allowed. *See Gaylord I*, 2021 WL 6750629, at *1 (explaining why Plaintiff's supplements did not comply with Fed. R. Civ. P. 15(a) or (d)). The Court's May 2, 2025 order again explained why such supplements are procedurally improper and that the Court would only review Plaintiff's Complaint or Amended Complaint, if he elected to file one. ECF No. 11 at 4. Despite the Court's instruction, on May 9, 2025, Plaintiff filed another motion to supplement his original Complaint. ECF No. 14. This

motion was denied, and the Court again explained why such supplements are not allowed under the Federal Rules of Civil Procedure. *See generally* ECF No. 13 (denying the motion to supplement and noting that the "attached filing is not an amended complaint permitted by the Court's prior order, ECF No. 11, or by Fed. R. Civ. P. 15(a), and the proposed supplements also do not comply with Fed. R. Civ. P. 15(d), which authorizes the Court to permit service of a 'supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.'").[1]

Plaintiff filed an Amended Complaint on May 9, 2025, using the District's model civil complaint form. ECF No. 16. The Amended Complaint continues to name the State of Kansas and the Topeka Police Department as the sole party Defendants—despite the deficiencies explained in the Court's prior order. *See id.* at 2. In the jurisdiction section of the form complaint, Plaintiff indicates that this Court has diversity jurisdiction, federal-question jurisdiction under 28 U.S.C. § 1343, and jurisdiction based on various Kansas statutes pertaining to breach of privacy, stalking, and defamation of character.[2] *Id.* at 2-3. Plaintiff has attached copies of these statutes as exhibits to his Amended Complaint, all of which are criminal statutes. *See generally* ECF No. 16-1 (statutes contained in sections discussing "Crimes Against Persons," "Crimes Involving Violations of Personal Rights," "Protection from Stalking Act" and "Crimes Against the Public Peace").

[1] Regardless, the Court has reviewed all of Plaintiff's filings, including the original supplement filed without leave of the Court, ECF No. 5, and subsequent attempted supplements. None of Plaintiff's filings impact the conclusion that Plaintiff's Amended Complaint is subject to dismissal for the reasons explained in this order.

[2] With respect to defamation of character, Plaintiff cites Kan. Stat. Ann. § 60-31a02, the definitions section from the Protection from Stalking Act. *See* ECF No. 16 at 3 (Amended Complaint); ECF No. 16-1 at 3-4 (copies of the statutes attached as exhibits to the Amended Complaint).

In the section of the form complaint asking for a short and plain statement of the claim, the Amended Complaint states in its entirety:

> I am entitled to relief, because I have been discriminated against, and there have been a breach of privacy, and I have been and my family have been stalked, and there have been defamation of character.

*Id.* at 3. The Amended Complaint seeks "2 million dollars for my damages" and requests no other form of relief. *Id.* at 4. Because the Amended Complaint does not allege an employment relationship with any party or otherwise reference any employment discrimination claims, the Court does not construe the Amended Complaint as continuing to allege employment-related claims.[3]

## III. LEGAL STANDARD

Because Plaintiff proceeds IFP, his Amended Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute authorizes the Court to dismiss a case at any stage if it determines the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013) (screening applies to all litigants proceeding IFP). The screening process "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the

---

[3] Although the Amended Complaint references both "discrimination" and "racial discrimination," the Amended Complaint does not reference employment discrimination or set forth any facts that would support an employment discrimination claim. The Court broadly construed Plaintiff's original Complaint as attempting to assert a claim under Title VII of the Civil Rights Act of 1964 because Plaintiff had attached his EEOC right-to-sue letter to that pleading. Notably, Plaintiff does not attach this letter to his Amended Complaint. Accordingly, the Court construes Plaintiff's references to discrimination as potentially applying to any attempted civil rights claim.

threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In screening a complaint to determine whether it states a claim, the Court applies the same standard it applies to Fed. R. Civ. P. 12(b)(6) motions to dismiss. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). In applying this standard, the Court need not accept as true legal conclusions couched as factual allegations. *Id.* Although the plausibility standard does not require detailed factual allegations, it requires more than simply pleading "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Because Plaintiff proceeds pro se, the Court liberally construes his Amended Complaint. *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). But in doing so, the Court does not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Rather, Plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)).

## III. DISCUSSION

Just as the Court did in its May 2, 2025 order, ECF No. 11 at 3, the Court construes Plaintiff's Amended Complaint as potentially attempting to assert unspecified civil rights claims. *See generally* ECF No. 16 at 3.[4] Plaintiff additionally appears to assert state law claims that appear to be identified as "breach of privacy," "stalking," and "defamation of character." *See generally id.*

As to the potential federal civil rights claims, Plaintiff has checked the box on the form complaint indicating that this Court has jurisdiction under 28 U.S.C. § 1343. In certain instances, judges have liberally construed an invocation of jurisdiction under § 1343 as an attempt to assert civil rights claims, particularly where the facts appear to suggest that a plaintiff is attempting to plead a civil rights claim. *See, e.g., Davis v. Moley*, No. 21-2601-HLT-TJJ, 2022 WL 21778347, at *2 (D. Kan. June 22, 2022) ("Plaintiff's sole cause of action for his claims seems to be § 1983 because he states that subject-matter jurisdiction is based on its jurisdictional counterpart 28 U.S.C. § 1343."). Liberally construed, Plaintiff's Amended Complaint could be read as potentially attempting to assert one or more categories of civil rights claims for which § 1343 grants jurisdiction, but as explained in greater detail below, checking the box on a form complaint indicating that § 1343 applies is, standing alone, insufficient to state any civil rights claim.

The Amended Complaint still suffers from the defects previously identified in the Court's May 2, 2025 order. Specifically, Plaintiff's claims against the State of Kansas are barred by Eleventh Amendment immunity, and the Topeka Police Department is not an entity amenable to

---

[4] Again, the Court previously put Plaintiff on notice that to the extent the Court had misconstrued Plaintiff's original Complaint, any amended complaint must specifically list what claims he is attempting to assert and the specific Defendant against which each claim is asserted. ECF No. 11 at 9-10.

suit. Additionally, the Amended Complaint does not plead sufficient facts to state any claim to relief that is plausible on its face as to either Defendant. The Court addresses each of these issues below.

**A. Eleventh Amendment Immunity as to the State of Kansas**

Under 28 U.S.C. § 1915(e)(2)(B)(iii), the Court is authorized to dismiss an IFP litigant's claim if it "seeks monetary relief against a defendant who is immune from such relief." In one of Plaintiff's prior cases, *Gaylord II*, the Tenth Circuit considered substantially similar (if not the same) types of claims that Plaintiff is attempting to assert against the State of Kansas in this case. In that case, the Tenth Circuit affirmed the district court's dismissal of Plaintiff's civil rights claims and claims for defamation and invasion of privacy. *Gaylord II*, 2024 WL 358240. In this case, the Amended Complaint could be read to assert identical claims—civil rights claims and claims for defamation and invasion of privacy—in addition to a "stalking" claim that was not at issue in *Gaylord II*. *See generally* ECF No. 16.

But these claims are still subject to dismissal for the same reasons explained by the Tenth Circuit in *Gaylord II*. Specifically,

> Under the Eleventh Amendment, a plaintiff may not sue a state in federal court unless the state consents to the suit in unequivocal terms or if Congress unequivocally abrogates the state's immunity. *Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019) (quoting *Muscogee (Creek) Nation v. Oklahoma Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010)).
>
> Here, Plaintiff demands two million dollars in damages and requests no other form of relief. Because this is a suit for monetary damages, sovereign immunity blocks Plaintiff's claims if no exception exists. One claim—the employment discrimination claim—survives as we have recognized that Congress abrogated sovereign immunity for Title VII claims. *Crumpacker v. Kansas Dep't of Hum. Res.*, 338 F.3d 1163, 1169 (10th Cir. 2003) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 449 n.2 (1976)). But Plaintiff cites no unequivocal consent to suit or congressional abrogation of sovereign immunity

> for his other claims. And we see no exception. So sovereign immunity bars Plaintiff's claims of defamation, invasion of privacy, and a civil rights violation under 28 U.S.C. § 1343.

*Gaylord II*, 2024 WL 358240, at *2.

As in *Gaylord II*, Plaintiff has again named the State of Kansas as a party Defendant and has again demanded two million dollars in monetary damages and no other forms of relief. ECF No. 16 at 4 ("I want the court to grant me 2 million dollars for my damages that I have occurred. Punitive monetary damages."). Like *Gaylord II*, Plaintiff is potentially attempting to assert civil rights claims and claims for defamation and invasion of privacy, which the Tenth Circuit found were subject to dismissal for the reasons quoted above. *Gaylord II*, 2024 WL 358240, at *2. ("[S]overeign immunity bars Plaintiff's claims of defamation, invasion of privacy, and a civil rights violation under 28 U.S.C. § 1343.").

The same would be true of Plaintiff's asserted stalking claim, which Plaintiff alleges is based on "21-5427 Stalking." ECF No. 16 at 3. Setting aside whether this cited statute (a Kansas criminal statute) gives rise to a private right of action that Plaintiff could pursue, the Amended Complaint contains no reference to any unequivocal consent to suit or abrogation of immunity.

For the same reasons articulated by the Tenth Circuit in *Gaylord II*, the Magistrate Judge recommends that the Chief District Judge dismiss Plaintiff's claims against the State of Kansas under § 1915(e)(2)(B)(iii).

### B. The Topeka Police Department's Capacity to be Sued

As the Court previously informed Plaintiff, his claims against the Topeka Police Department are subject to dismissal for multiple reasons, including that "Kansas courts have consistently held that subordinate government agencies do not have the capacity to sue or be sued in the absence of statutory authorization." *Ayesh v. Butler Cnty. Sheriff's Off.*, No. 19-CV-1183-

EFM-KGG, 2019 WL 6700337, at *3 (D. Kan. Dec. 9, 2019) (quoting *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 2016 WL 81228, at *1 (D. Kan. 2016)). This District has previously found that the Topeka Police Department is not an entity that has the capacity to be sued:

> Lack of capacity is determined by the law of the state where the court is located. The general rule in Kansas is that without specific statutory authority, subordinate government agencies do not have the capacity to sue or be sued. The statutory authority need not be express, but can be implied. Under Kansas case law, courts have found that city police departments do not have the capacity to sue or be sued. Here, the [Topeka Police Department ("TPD")] is not a separate entity from the City of Topeka. It is merely a subordinate agency of the city government. There is no explicit statutory authority granting capacity to sue or be sued. Therefore, the Court must dismiss the claim against the TPD.

*Broadnax v. Topeka Police Dep't*, No. 21-CV-3268-JAR-KGG, 2022 WL 2131058, at *2 (D. Kan. June 14, 2022) (internal quotations and footnotes omitted). Again, the Court expressly told Plaintiff that the "Topeka Police Department is an entity that cannot be sued." ECF No. 11 at 8. Despite giving Plaintiff an opportunity to amend his complaint to address this issue, Plaintiff's Amended Complaint continues to name the Topeka Police Department.

For these reasons, the Magistrate Judge recommends that the Chief District Judge dismiss the Topeka Police Department as a party Defendant under § 1915(e)(2)(B)(ii) because it does not have the capacity to be sued.

**C. Failure to State a Claim as to Both Defendants**

Even if Eleventh Amendment immunity did not bar Plaintiff's claims against the State of Kansas, and even if the Topeka Police Department were an entity with the capacity to be sued, the Magistrate Judge still would recommend that the Chief District Judge dismiss Plaintiff's claims under § 1915(e)(2)(B)(ii). As explained above, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at

678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

In this case, however, the Amended Complaint fails to plead any facts alleging what Defendants did to Plaintiff, when Defendants took such actions, or how the Defendants' actions harmed Plaintiff. Specifically, the Amended Complaint uses passive voice to make vague and conclusory assertions, but the Amended Complaint fails to allege who or what committed any acts giving rise to the claims Plaintiff attempts to bring or when any such actions occurred. *See, e.g.*, ECF No. 16 at 3 ("I have been discriminated against, and there have been a breach of privacy, and I have been and my family have been stalked, and there have been defamation of character."). Indeed, the Amended Complaint fails to plead *any* facts pertaining to Defendants, which is insufficient to state any claim to relief that is plausible on its face as to either Defendant.

Turning to Plaintiff's attempted civil rights claim as just one example, checking a box on a form complaint to assert jurisdiction under § 1343 is, standing alone, insufficient to state any civil rights claim. *See generally Opheim v. Christi Ascension Hosp.*, No. 20-2185-EFM, 2020 WL 9607891, at *2 (D. Kan. Apr. 10, 2020) (considering a similar issue), *R. & R. adopted sub nom. Opheim v. Via Christi Ascension Hosp.*, No. 20-2185-EFM, 2020 WL 9607892 (D. Kan. May 1, 2020). Although the form complaint lists categories of actions that may be brought in federal court, a plaintiff must do more than merely check one of these boxes. The plaintiff must "still

allege facts to support a cognizable cause of action under one of these categories." *Smith v. G & W Foods*, No. 20-CV-2517-JAR-TJJ, 2021 WL 1546222, at *4 (D. Kan. Apr. 20, 2021).

Again, the Court previously notified Plaintiff that he bears "the burden of alleging sufficient facts on which a recognized legal claim could be based" and gave Plaintiff the opportunity to file an amended complaint to add those facts. ECF No. 11 at 3 (internal quotations omitted). But Plaintiff's Amended Complaint does not set forth any factual allegations that would support any cognizable civil rights claim or any state law claim—again, setting aside the issue of whether claims premised on alleged violations of Kansas criminal statutes give rise to a private right of action that Plaintiff could pursue. The undersigned recommends dismissal of the Amended Complaint on this basis as well.

## IV. CONCLUSION

As explained above, the Court provided Plaintiff with an opportunity to file an amended complaint addressing the defects explained in the Court's May 2, 2025 order. Although Plaintiff elected to file an Amended Complaint, these deficiencies are still present in the Amended Complaint. For these reasons, the Court finds that providing Plaintiff with another opportunity to amend likely would be futile.

For the reasons explained above, the Magistrate Judge recommends that the Chief District Judge dismiss Plaintiff's claims against the State of Kansas pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) because they are barred by Eleventh Amendment immunity and fail to state a claim to relief that is plausible on its face. The Court also recommends that the Chief District Judge dismiss Plaintiff's claims against the Topeka Police Department pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because this is not an entity that can be sued and because the Amended Complaint fails to state a claim to relief that is plausible on its face.

* * * * *

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Plaintiff may file written objections to this report and recommendation within fourteen days after being served with a copy. If Plaintiff fails to file objections within the fourteen-day period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

Dated: June 25, 2025, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge